Counsel for plaintiff in an application for rehearing, among other assignments of error, charges that even if we are otherwise correct, we are in error in not allowing recovery for the value of the destroyed automobile, since the Supreme Court in McHenry v. American Employers Insurance Co., 206 La. 70,18 So.2d 656, 657, held that a husband injured by the negligence of his wife might recover from the insurers of the wife or the insurers of *Page 156 
the automobile driven by the wife in spite of the fact that the amount recovered would go into the community in which the wife, herself, is a one-half owner.
We were familiar with that decision though it had not been cited by counsel. It is true that in that case the court held that the husband might recover from the insurers of the wife or of the automobile driven by the wife for injuries sustained by him even though the recovery would form a part of the community and even though the injuries were caused by the negligence of the wife. The court held that in such a case the community is not profiting as a result of the negligence of the wife but is merely being permitted to obtain reimbursement for a loss already sustained. There, however, the automobile, which the wife was driving, was not being operated by her in the interest of the community, since from the statement of facts it appears "* * * that at the time of the accident she (the wife) was acting within the scope of her employment (by Welcome Wagon Service Co.) and had begun a mission in the interest of her said employer."
Here we have held that the plaintiff cannot contend that the car was not being used on a community errand and we think that it would be stretching the very liberal doctrine of the McHenry case beyond the breaking point to hold that the community might recover for loss caused by the negligence of a member of the community while engaged on a community mission.
For these reasons, the application for rehearing made by plaintiff is denied.
The application of defendant is also denied.